WOLF and others vs. McGAVOCK.

MERRILL and others vs. McGAVOCK.

COURTNEY vs. McGAVOCK.

*Costs on appeal.*

In the taxation of costs on appeal to this court, only the *actual* expenses for printing, etc., are to be allowed the appellant, if successful; and the fact that the printer charged less than the usual price because the appellant's attorneys agreed to pay, and did pay, as soon as the work was done, furnishes no reason why the usual price should be allowed in the taxation.

COLE, J. An appeal is taken in each of the above cases from the taxation of costs by the clerk of this court, and for a retaxation of the same. The principal

item in controversy is the amount allowed by the clerk for printing cases and briefs. In each case there was an affidavit of disbursements, which was made by one of the attorneys for the appellants, in which it is stated that the appellant in the case had paid for printing the case and briefs "ninety-four dollars, or that which is equivalent thereto." The clerk allowed that amount in each case. There had been four appeals taken from the decision of the circuit court dismissing attachments against the respondent upon a traverse of the affidavits. It was stipulated that the testimony used upon the trial of one traverse might be used in other cases, so far as it was applicable. As a consequence, the printed case in one appeal answered also for the others, the titles of the causes being altered, and some other unimportant changes being made therein. And, although there are receipts of the printer annexed to the affidavit of disbursements, acknowledging payment of ninety-four dollars for printing case and briefs in each appeal, yet it appears from an affidavit of the same printer, which is produced by the respondent on this appeal, that he was in fact only paid one hundred and sixty dollars for printing the cases and briefs in the four appeals. The three appeals have been decided adversely to the respondent, and he insists that the appellants are entitled to recover only one hundred and twenty dollars for printing in the three appeals, or forty dollars in each appeal, and objects to the allowance of any further sum. The question is, Can, under the circumstances, any further sum be taxed against him? We think not. This is all the appellants have paid out for printing the cases and briefs to be used in this court. The statute provides that the party prevailing in the supreme court on any appeal may have taxed in his favor, in addition to the other fees therein mentioned, all "necessary disbursements." Sec. 36, chap. 264, Laws of 1860. This language shows very clearly that the prevailing party is only permitted to

Wolf and others vs. McGavock.

recover the expense he has incurred in preparing his case for this court, for such alone can be called "necessary disbursements." It is true, the appellant's attorney states, in his affidavit, that the appellant paid in each appeal, for printing case and briefs, "ninety-four dollars, or that which is equivelant thereto;" but, notwithstanding this, he did not claim upon the argument of these motions that more than about the sum of one hundred and seventy dollars was actually paid the printer. But he claims, because the attorneys of the appellants agreed to pay, and actually did pay, the printer this amount as soon as the work was done, the latter, being in need of money, was willing to discount about one-half of his claim ; and that the appellants ought to have the benefit of the arrangement, and should recover from the respondent the usual price allowed for printing, which is a dollar a page. But we do not think they can be allowed that amount. Certainly they have disbursed or paid out only about one hundred and sixty, or not to exceed one hundred and seventy, dollars, for the entire printing in the four appeals; and three-fourths of that sum they are entitled to have taxed up in their favor. And the clerk must be directed to tax the costs accordingly.

*By the Court.* — Taxation of clerk set aside, and re-taxation directed, in each of the above cases, in conformity to this opinion.